**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Malibu Media, LLC | |
| *Plaintiff,* | |
| | Civil Action No: 2:17-cv-05490-MSG |
| v. | |
| John Doe subscriber assigned IP address 208.58.112.216, | |
| *Defendant.* | |

## <u>ORDER</u>

*AND NOW,* this _____ day of _____, 2018, on consideration of defendant's motion to quash and any response thereto, it is hereby ordered and decreed that:

☐    Malibu Media LLC's subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action is QUASHED.

☐    Defendant, John Doe subscriber assigned IP address 208.58.112.216, will be PERMITTED to proceed anonymously.  No party shall identify him by name, address, or telephone number in any filing not made under seal.

_____
The Hon. Mitchell S. Goldberg, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Malibu Media, LLC | |
| *Plaintiff,* | |
| v. | Civil Action No: 2:17-cv-05490-MSG |
| John Doe subscriber assigned IP address 208.58.112.216, | |
| *Defendant.* | |

**DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA
OR IN THE ALTERNATIVE
FOR A PROTECTIVE ORDER TO PROCEED ANONYMOUSLY**

John Doe subscriber assigned IP address 208.58.112.216, defendant in the above-captioned matter, by and through his attorney, Gawthrop Greenwood, P.C., moves to quash the subpoena issued by Plaintiff, Malibu Media, LLC, or, in the alternative, for leave to proceed anonymously, and in support thereof avers as follows:

1.      Taking Malibu's complaint and motion for a subpoena at face value, plaintiff has admitted to collecting the information it relies on in violation of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*

2.      As such, plaintiff was precluded from relying on that evidence in requesting this Court's permission to take pre-complaint discovery.  18 U.S.C. § 2515 ("Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United

States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.")

3.     Similarly, plaintiff may not rely on the information it derives from an illegal wiretap and, as such, the information it seeks from RCN Telecom Services is privileged by statute.

4.     The subpoena to RCN should be quashed.

5.     In any event, the computer belonging to Defendant, John Doe, subscriber assigned IP address 208.58.112.216, has not always belonged to him.  Instead, he received it second-hand from a family member's colleagues. Additionally, John Doe lives at home with his 26-year-old son and until recently, has failed to password-protect his computer.

6.     John Doe therefore, should not be named as a defendant in this case.

7.     In the event Malibu Media's subpoena is not quashed, Defendant should be permitted to proceed anonymously so as to avoid the repercussions he will suffer if improperly named in connection with this lawsuit.

**WHEREFORE,** John Doe, defendant in the above-captioned matter, respectfully requests that this Court GRANT his motion to quash the subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action, filed on RCN Telecom Services, LLC by plaintiff.    In the alternative, defendant respectfully requests that this Court permit him to proceed anonymously.

Respectfully submitted:

DATE: *February 13, 2018*          BY:      /s/ John V. Rafferty
                                                     John V. Rafferty, Esquire
                                                     *Attorney for Defendant, John Doe subscriber*
                                                     *assigned IP address 208.58.112.216*
                                                     Attorney ID No. 315711
                                                     17 East Gay Street, Suite 100
                                                     West Chester, PA 19380
                                                     (610-696-8225)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Malibu Media, LLC | |
| *Plaintiff,* | Civil Action No: 2:17-cv-05490-MSG |
| v. | |
| John Doe subscriber assigned IP address 208.58.112.216, | |
| *Defendant.* | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO QUASH PLAINTIFF'S SUBPOENA
OR IN THE ALTERNATIVE
FOR A PROTECTIVE ORDER TO PROCEED ANONYMOUSLY**

Malibu Media, LLC, claims to be the copyright holder of a series of pornographic films. It has filed suit against hundreds of John Doe defendants in the name of protecting its copyright to those films. Federal courts from across the country have criticized that company's legal tactics as extortive.

For instance, in *Malibu Media, LLC v. Does 1-7*, the District Court for the Eastern District of California noted that a flood of similar cases had recently been filed, raising policy concerns. 2:12-CV-1459 GEB CKD, 2012 WL 3127352 (E.D. Cal. July 13, 2012). The Court rebuked Malibu, and observed that:

> These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff. The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits.

The federal courts are not cogs in a plaintiff' copyright-enforcement business model. ***The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial.***

*Id.* (emphasis added).

Similarly, the District Court for the District of Colorado wrote of plaintiff that:

Courts across the country have observed that Plaintiff (and other companies involved in this type of litigation) do not seem interested in actually litigating their copyright claims. Rather, they appear to be using the federal courts only to obtain identifying information for the ISP owners and then attempting to negotiate a quick settlement.

*Malibu Media, LLC v. Felitti*, 12-CV-1522-WJM, 2012 WL 3030304 (D. Colo. July 25, 2012).

Also, the District Court for the Southern District of New York cautioned that:

This Court shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded.

*Malibu Media, LLC v. Does 1-5*, 12 CIV. 2950 JPO, 2012 WL 2001968 (S.D.N.Y. June 1, 2012).


Defendant, John Doe, is a husband and a father who owns a second-hand computer that was not password protected prior to 2018. Therefore, any evidence of downloaded pornographic material on defendant's computer (if it did exist) could either be from unknown-third parties or from others within his household, including his 26-year-old son.  Accordingly, plaintiff's "extortion scheme" will be peculiarly ineffective against John Doe subscriber assigned IP address 208.58.112.216.

On December 8, 2017, Malibu filed a complaint in which it alleges that its pornographic film was downloaded by John Doe.  (Complaint, Dec. 8, 2017, at ¶ 24).

2

Malibu purports to substantiate this claim by alleging that, after conducting an illegal wiretap of defendant's computer, they discovered a copy of one of their pornographic films there. Specifically, plaintiff alleges that its investigator, IPP International UG, "established a direct connection with the Defendant's IP address" and subsequently "Plaintiff's investigator downloaded from Defendant one or more pieces of each of the digital media files identified." (Complaint, Dec. 8, 2017, at ¶¶ 18-19).

Even if this claim were true or admissible in evidence—it is neither—it would nevertheless **not** be proof that John Doe *actually downloaded* Malibu's pornography; at most, it is evidence that the film was on the shared folder of one of the computers, cell-phones, e-readers, or other devices sharing John Doe's internet connection.  There is no evidence that John Doe actually downloaded the film, or that the film was not purchased legally and placed in the shared folder of the computer.

Furthermore, Plaintiff will be unable to admit any of the evidence discovered by its "investigator," as IPP International UG is not registered in Chester County, Pennsylvania as a private investigator, in direct violation of Pennsylvania's Private Detective Act of 1953, 22 P.S. § 13(a).[1]

---

[1]  Pennsylvania's Private Detective Act of 1953, 22 P.S. § 13(a) provides, (a) No person, partnership, association or corporation, shall engage in the business of private detective, or the business of investigator, or the business of watch, guard or patrol agency, for the purpose of furnishing guards or patrolmen or other persons to protect persons or property, or to prevent the theft or the unlawful taking of goods, wares and merchandise, or to prevent the misappropriation or concealment of goods, wares, merchandise, money, bonds, stocks, documents, and other articles of value, for hire or reward, or advertise his or their business to be that of detective, or of a detective agency, or investigator, or watch, guard or patrol agency, notwithstanding the name or title used in describing such agency, or notwithstanding the fact that other functions and services may also be performed for fee, hire or reward, without having first obtained a license so to do as hereinafter provided.

3

On December 8, 2017, Malibu filed a motion for leave to serve third-party subpoenas on the Internet Service Providers corresponding to the IP addresses where its wiretapping activities revealed copies of its pornographic film.  This Court granted that motion on December 13, 2017, and plaintiff served a subpoena on RCN to produce John Doe's contact information.

On January 29, 2018, Subsentio, the designated agent of RCN Telecom Services LLC, informed John Doe that it intended to produce his account information in compliance with this Court's order.  Now, John Doe moves to quash.

### A.    Standard of Review.

This Court has previously discussed the standard of review for a motion to quash a subpoena, in yet another case brought by plaintiff against multiple John Doe defendants.  There, the Court held that "the party seeking to quash the subpoena bears the burden of demonstrating that the requirements of Rule 45 are satisfied."  *Malibu Media, LLC v. John Does 1-15*, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012). Where the movant seeks to quash a subpoena directed to a non-party, he must "demonstrate a claim of privilege or personal right."  *In re Actiq Sales & Mktg. Practices Litig.*, 2:11-MC-00274-JFC, 2011 WL 5509434 (W.D. Pa. 2011).

### B.    Plaintiff is Prohibited from Admitting Evidence of Infringement, if any, by the Federal Wiretap Act.

John Doe has a privilege against the introduction of illegally wiretapped evidence, including the wiretap evidence previously offered to this Court in Malibu Media's

4

motion for a subpoena.  Compliance with the subpoena Malibu has served on RCN would further violate that privilege.

The Federal Wiretap Act prohibits the intentional interception of wire, oral, and electronic communications.  18 U.S.C. § 2511(1)(a).  The Act defines "interception" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."  *Id.* at § 2510(4).  Several federal courts have held that the acquisition of information transmitted over an internet connection will rise to the level of a prohibited interception.  *See e.g. Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 876 (9th Cir. 2002) ("Konop's website fits the definition of 'electronic communication.'"); also *In re Nat'l Sec. Agency Telecommunications Records Litig.*, 700 F. Supp. 2d 1182, 1202 (N.D. Cal. 2010).

The Federal Wiretap Act creates both civil and criminal penalties for infringements.  In addition, the Act prohibits the evidentiary disclosure of evidence obtained in violation of its provisions.  Specifically, the Act provides that:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.

18 U.S.C. § 2515.

Here, Malibu alleges that it detected the alleged infringements by having its investigator, "IPP International UG" establish a direct TCP/IP connection with Defendant's IP address."  (Complaint, Dec. 8, 2017, at ¶ 18).  Such a connection permits

the operator to query a list of local hard-disks maintained by the providing system to discover the location of specified data—in this case, the pornographic films Malibu produces.  IPP International's TCP/IP connection then allows it to connect with each local hard-disk to download some or all of the sought after data.

This TCP/IP connection permits IPP International to connect to computers without their users' knowledge or consent for a purpose they have not agreed to, upload information onto their computers without their knowledge, and download data that the users do not share with other human beings.  In their zeal to robustly protect their pornography, plaintiffs have violated the Federal Wiretapping Act.[2]

Having violated the Federal Wiretapping Act, Malibu is prohibited from relying on the evidence so obtained.  This precluded evidence includes the IP address that they have supplied to identify the account-holder.  Thus, the subpoena Malibu has served on RCN infringes on defendant's statutory privilege to be free from unlawful wiretaps, and must be quashed.

Importantly, John Doe's right to be free from illegal wiretapping is absolute. Unlike in the context of First Amendment right to privacy claims, it would be improper to balance John Doe's interest in privacy against plaintiff's need for discovery.

---

[2] Although the undersigned has not viewed the pornographic films plaintiff purports to own, it is advanced on information and belief that they contain an audio component and, as such, their interception necessarily included the acquisition of aural communications.

It is nevertheless true that John Doe's interest in privacy *does* far exceed plaintiff's need for discovery.  Indeed, (in yet another case filed by plaintiffs,) the District Court for the Eastern District of California held that:

> . . . although [Malibu] argues that the need for the requested discovery outweighs the other Doe defendants' expectations of privacy, the court disagrees, especially given the potential innocence of those Doe defendants. As many courts have noted, the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes.  For example, ISP subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works. Because plaintiff seeks information about the ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.  Additionally, as numerous other courts have noted, if the undersigned were to grant plaintiff's request for expedited discovery regarding all of the Doe defendants, plaintiff would likely send settlement demands to the individuals whom the ISP identified as the IP subscriber. That individual—whether guilty of copyright infringement or not—would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust 'settlement.'

*Malibu Media, LLC v. John Does 1 through 12*, 2:12-CV-1261-JAM-EFB, 2012 WL 2872835 (E.D. Cal. July 11, 2012) (internal citations omitted).

Malibu's complaint has failed to allege facts which, if proven, would merit relief, inasmuch as plaintiff has not advanced any theory explaining why John Doe, and not some other person, used the account in question to illegally download its pornographic film.  Nor have they explained how they are certain that the film was, in fact, illegally downloaded (as opposed to legitimately purchased.)  Nor, finally, for the reasons given

above, are the allegations made by plaintiff, such as they are, even admissible under the Federal Wiretapping Act. This threadbare cause of action, in the face of the Act's absolute bar, is insufficient to permit plaintiff to violate John Doe's statutory privilege.

     **C.**     *In the Alternative, John Doe Should be Granted a Protective Order and Permitted to Proceed Anonymously.*

In the event plaintiff's subpoena is not quashed, John Doe should be granted a protective order and permitted to proceed anonymously.

Federal Rule of Civil Procedure 26(c) allows a court, for good cause, to issue a protective order to protect a party or person from annoyance, embarrassment, or oppression. Fed.R.Civ.P. 26(c). Due to the content and titles of the media at issue in this case, public disclosure of defendant's name would subject him to significant embarrassment.

Additionally, Malibu has advanced *no evidence* in their complaint or subsequent motions to this Court that the *owners* of the ISP accounts they have subpoenaed are actually the people who *downloaded* their pornographic films. As such, unless and until Malibu adduces some evidence that John Doe is in fact a party in this case, their interest in publicizing John Doe's identity is *de minimis*.

Therefore, and in accordance with the reasoning set forth by other Courts in this Circuit,[3] this Court should grant a Protective Order pursuant to the following terms:

1. Both parties shall refer to Defendant by John Doe for all matters filed of record with this Court, until further order by this Court.

2. As necessary, the identity of Defendant shall be disclosed to other parties in discovery and may be disclosed as part of in-camera submissions to the Court.

3. This Protective Order shall only prevent the disclosure of the identity of Defendant until trial and/or judgment is entered.

4. The parties may seek modification of this Protective Order, and the identity of Defendant may be disclosed, as necessary for discovery purposes, upon request by a party or Order of the Court.

### CONCLUSION

Multiple federal courts have held Malibu Media's litigation practice to be improper. The District Court for the Eastern District of California characterized it as an "extortion scheme." Malibu is entitled to no leeway.

In this case, Malibu's evidence-gathering techniques violated the Federal Wiretap Act. They are not permitted to introduce any of the evidence so collected or rely on it in

---

[3] See *Malibu Media, LLC v. John Does 1–16*, 2012 WL 4717893 at *9–10 (E.D.Pa. Oct.3, 2012) (Baylson, J.) (collecting cases) and *Malibu Media, LLC v. John Does 1-23*, No. 5:12-CV-04442, 2013 WL 1389763, at *3 (E.D. Pa. Apr. 3, 2013).

9

any way.  As such, their subpoena, which seeks the identity of the account-holders of IP addresses that they illegally gathered, should be quashed.

In the alternative, John Doe should be permitted to proceed anonymously, in accordance with the reasoning set forth by other Courts in this Circuit.

*WHEREFORE,* John Doe, defendant in the above-captioned matter, respectfully requests that this Court GRANT his motion to quash the subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action, filed on RCN Telecom Services LLC by plaintiff.  In the alternative, defendant respectfully requests that this Court permit him to proceed anonymously.

Respectfully submitted:

DATE: *February 13, 2018*          BY:   /s/ John V. Rafferty

John V. Rafferty, Esquire
*Attorney for Defendant, John Doe subscriber*
*assigned IP address 208.58.112.216*
Attorney ID No. 315711
17 East Gay Street, Suite 100
West Chester, PA 19380
(610-696-8225)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Malibu Media, LLC | |
| *Plaintiff,* | Civil Action No: 2:17-cv-05490-MSG |
| v. | |
| John Doe subscriber assigned IP address 208.58.112.216, | |
| *Defendant.* | |

## CERTIFICATE OF SERVICE

I, JOHN V. RAFFERTY, Esquire, hereby certify that I served a true and correct copy of the foregoing motion to quash and supporting memorandum of law, electronically via the PACER system and, also by depositing a copy thereof in the United States Mail, postage prepaid, addressed as follows:

A. JORDAN RUSHIE
RUSHIE LAW, PLLC
1010 N. HANCOCK STREET
PHILADELPHIA, PA 19123

DATE: *February 13, 2018*          BY:    */s/ John V. Rafferty*
                                          John V. Rafferty, Esquire
                                          *Attorney for Defendant, John Doe subscriber*
                                          *assigned IP address 208.58.112.216*
                                          Attorney ID No. 315711
                                          17 East Gay Street, Suite 100
                                          West Chester, PA 19380
                                          (610-696-8225)